O’Neill, J.,
dissenting. I dissent from the majority opinion with regard to valuation depreciation. I rely upon the authority of City of Cincinnati v. Public Utilities Commission, 113 Ohio St., 259, 148 N. E., 817, paragraphs one, two and three of the syllabus, approved in City of Marietta v. Public Utilities Commission, 148 Ohio St., 173, 74 N. E. (2d), 74, paragraph one of the syllabus, and City of Cleveland v. Public Utilities Commission, 164 Ohio St., 442, 132 N. E. (2d), 216.
What until now has been considered the settled law on this question is set forth, as follows, in City of Cleveland v. Public Utilities Commission, supra, at page 448 in the per curiam opinion:
“* * * Under our statutes, the rate base is the reconstruction cost new of the utility’s property, less actual observed depreciation.” (Emphasis added.)
The commission contends that the statutory word, “existing,” should be given a different meaning from that which the court, in its prior decisions, has given it.
Counsel for the commission, in answer to a question from *477 the bench, stated that he recognized that the commission’s position required the overruling of decisions of this court.
The methods of determining depreciation, used both by the company’s engineer witnesses and some of the commission’s engineer witnesses, have been approved by this court in the past. This independently secured and independently presented evidence showed the valuation depreciation to be, in the case of the commission engineer, 16.90 per cent, and, in the case of the company engineer, 15.3 per cent.
The commission ignored the evidence of the company and this evidence presented by its own engineer. It chose to accept the evidence of a commission engineer who arrived at the valuation depreciation of 25.36 per cent by his own method which has not previously been before this court. Admittedly, this method can not meet the test of observed depreciation, or actual depreciation, or existing depreciation unless those terms are given new and different meanings contra to prior decisions. This change in the method of determining valuation depreciation reduces the rate base by about twelve million dollars ($12,000,000).
For this court to sustain the commission in the use of this method of determining valuation depreciation without overruling the cases which have decided this point of law injects confusion, contradiction and speculation into the rate-making process.